FANNIE A. CAPRON, PLAINTIFF-APPELLANT, v. THE TOWN OF BLOOMFIELD, IN THE COUNTY OF ESSEX AND STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued March 5, 1915—Decided June 14, 1915.

Where the owner of a tract of land in the town of Bloomfield laid it out upon a filed map as a park, with streets and water mains therein, and in advertising the scheme informed the public that the houses thereon were to be supplied with water through pipes laid in the streets—*Held*, that his failure to supply water

through the pipes gave to the owners of plots and their grantees a right to invite the town to supply the water and to use the park mains for that purpose. *Held, further,* that an implication arose from the grant *ex necessitate* that if the grantor failed to supply the water, the grantees might do so, or might authorize a third party, in this instance the town, to do so for them.

On appeal from the Essex Circuit.

For the plaintiff-appellant, *Osborne & Astley.*

For the defendant-respondent, *Charles F. Kocher.*

The opinion of the court was delivered by

MINTURN, J.   The suit was in trespass *quare clausum fregit.* The trial court directed a verdict for the defendant. Cyrus K. Capron, the husband of the plaintiff, filed his "Map of Halcyon Park" with the register of Essex county. He was then the owner of forty-one acres of land situated in the town of Bloomfield in that county. The land was laid out in the form of a park containing streets and avenues, with building lots, tennis courts, a flower garden and a club house. He graded the streets and imbedded therein sewer, water and gas pipes, and then surfaced the streets with Telford pavement. He connected the main water pipes with laterals to convey the water to each house, and caused to be erected fire hydrants at various intervals upon the plot of a size to conform to the fire equipment plant of the town of Bloomfield.

The streets were used by the general public of the town as public thoroughfares, and the town thereafter exercised municipal supervision over them. To this environment Mr. Capron invited the home-seeking public, and for that purpose issued a booklet entitled "Halcyon Homes," in which, after treating of the numerous varied advantages which the park possessed for the average home seeker, he said, speaking of the roads: "No part of them need ever be disturbed, for the underground mains are already in, complete and perfect in every respect, and tested under heavy pressure. Not only

that but each has branches running into every lot and capped and plugged ready for house connections."

Upon a map which he issued and enclosed in the booklet he informed the public that he had supplied to the park, "Abundant water-supply and effective fire service. House connections for water and gas already made." Under these attractive inducements the lots were sold and mortgages were executed and delivered covering the sales until the entire purchasable area of the park was sold. Misfortune overtook the attractive project; the mortgages were foreclosed, and the entire tract by various sales passed into other hands. The plaintiff acquired title to the equity of Mr. Capron in the property, including water pipes, and the unsold interest of Capron. The latter during his control of the property endeavored, without success, to obtain a water-supply from the Orange Water Company, and then conceived the idea of fulfilling his obligation to supply water by the construction of artesian wells, which conception he never realized.

The title to the tract was acquired eventually by Philip J. Bowers, who, upon application to the town council, secured the connection of the water system of the town with the water mains in the park, and the park lots owners thereafter obtained their necessary supply of water from the town of Bloomfield.

The fundamental inquiry presented by the record is whether, under the circumstances, the town of Bloomfield is a trespasser because of its act in connecting with the water mains of the park at the request of the present owner of the tract, without the consent of the plaintiff, for the purpose of supplying water to the houses connected with the water mains.

It may be conceded, as contended for by the plaintiff, that she has title to the streets, and the water pipes therein, and that she occupies the status of an owner as against the tortious act of a third party, claiming no interest in the soil. It is not necessary, however, for the purposes of this case to subtract in the slightest degree from that status by denying her the right to maintain this suit upon any claim of dedi-

cation in the town, by force of which the town may rest its claim to enter the park and supply water to its occupants. The right exercised in this instance by the defendant is more equitable and more fundamental in its nature, and rests for its justification upon the contract of the parties entered into at the very inception of this project.

One of the inducements offered to the purchasing public in this scheme was that water pipes were laid in the streets and were intended to supply water to the residents whenever they might find it necessary to use the water.

It is manifest that neither the plaintiff nor her husband carried· that proposal into effect, and that the occupants of the tract were therefore driven to the alternative of applying the doctrine of self help or of submitting to the deprivation of a vital necessity, which they contracted to receive, and without which it is hardly possible to assume they would have purchased their holdings. There arose, therefore, out of this situation an implied right in the grantees, upon the continued default of the grantor, to supply themselves with water through the medium provided by the grantor for that purpose, a right in its nature akin to the incorporeal right of a way of necessity. *Brakly* v. *Sharp,* 10 *N. J. Eq.* 206.

The use of the water mains having been granted as an appurtenant to the various grants, it follows, *ex necessitate,* that everything is granted by which the grantee may have and enjoy the use. *Co. Litt.* 56.

Chancellor Kent commenting upon this rule says: "If one gives another a license to lay pipes of lead in his land to convey water to a cistern, he may enter on the land and dig thereon to mend the pipes. * * * The maxim is that *quando aliquis aliquid concedit, concedere videtur, et id sine quo res uti non potest."* 3 *Kent Com.* *421; *Pomfret* v. *Ricroft,* 1 *Saund.* 321.

To the same effect is 14 *Cyc.* 1166 and cases cited.

The distinction between the public right of a claim of dedication in the streets, and their appurtenances, and the private right of the adjacent owner thereto, arising out of

an implication by law, is pointed out in *Booraem* v. *North Hudson County Railroad,* 40 *N. J. Eq.* 557.

And this distinction is adverted to and made *ratio decidendi* by Mr. Justice Dixon in *Lennig* v. *Ocean City Association,* 41 *N. J. Eq.* 606, 609, wherein he says: "From this doctrine, it of course follows that such distinct and independent private rights, in other lands of the grantor than those granted, may be acquired by implied covenant as appurtenant to the premises granted, although they are not of such a nature as to give rise to public rights by dedication. The object of the principle is, not to create public rights, but to secure to persons purchasing lots under such circumstances those benefits, the promise of which it is reasonable to infer has induced them to buy portions of a tract laid out on the plan indicated." Citing *Clark* v. *Elizabeth,* 37 *N. J. L.* 120; 40 *Id.* 172; *Bayonne* v. *Ford,* 43 *Id.* 292.

Bowers, the present owner, has succeeded by reason of mesne conveyances to the title of the original grantee of the tract, and is entitled to take advantage of the legal implication arising of necessity from those conveyances. *Brakly* v. *Sharp,* 9 *N. J. Eq.* 9.

The right of the town of Bloomfield, therefore, to supply water through the water mains of the park, at the request and for the benefit of the present owner of the tract, seems unquestionable, and the judgment of the Circuit Court will therefore be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 14.

*For reversal*—None.